Defendant-appellant, Richard D. Dykes, was arrested in Union Township, Fayette County for driving under the influence of alcohol and/or drugs. Appellant initially pled not guilty. Subsequently, appellant filed a motion to suppress alleging lack of probable cause for the arrest. After the presentation of testimony and evidence, the trial court found that the arresting officer had probable cause to believe that appellant was driving under the influence of alcohol and/or drugs. Appellant then changed his plea to no contest. Appellant was found guilty and the trial court imposed sentence.
On appeal, appellant assigns one error:
 THE TRIAL COURT ERRED WHEN IT REFUSED TO SUPPRESS THE EVIDENCE, BECAUSE THE STATE FAILED TO MEET ITS BURDEN OF PROVING THAT THE OFFICER HAD PROBABLE CAUSE TO BELIEVE THAT APPELLANT WAS DRIVING UNDER THE INFLUENCE.
On December 26, 1996 at approximately 9:00 p.m., appellant was observed driving westbound in the eastbound lanes of U.S. 35 by Deputy Larry Hott of the Fayette County Sheriff's office. Deputy Hott had been dispatched to the area after he received a radio transmission to be on the lookout for a car being driven erratically. Upon observing appellant's vehicle, Deputy Hott activated his emergency lights and siren. Appellant stopped his vehicle by driving into the snowy median.
The record reveals that Deputy Hott approached appellant's vehicle on foot. Appellant ignored the deputy's request to put his vehicle in park and to roll down the window. Appellant ultimately did turn his vehicle off and unlock the vehicle door. At this point, the deputy opened the vehicle door and requested that appellant leave the vehicle. Appellant refused. The deputy assisted appellant from the vehicle by seizing appellant's wrists and removing him from the vehicle. Appellant fell backward as he exited the vehicle and then fell into the side of the vehicle. Deputy Hott testified that when he removed appellant from the vehicle he detected a strong odor of alcohol about appellant, that appellant's eyes were bloodshot and his speech was slurred and impaired. Deputy Hott arrested appellant for driving under the influence of alcohol and/or drugs.
Deputy Hott testified that due to the unsafe condition of the dark, snow-covered median no field sobriety tests were administered at the scene. Deputy Hott transported appellant to the Washington Court House Police Department. Appellant refused to submit to a breathalyzer test at the police department. Appellant was then transported to the Fayette County jail where the deputy administered field sobriety tests including the balancing test, the walking test and the finger to nose test. Appellant failed all three tests.
Appellant argues that Deputy Hott did not have probable cause to arrest him because field sobriety tests were not performed before the arrest. Appellant argues that at the moment that the deputy seized his wrists in the vehicle an arrest was made for which there was not probable cause.
There is no question that Deputy Hott had a reasonable suspicion warranting the initial investigatory traffic stop as he observed appellant commit a traffic offense. Deputy Hott testified that he observed appellant traveling in the wrong direction on a four lane highway. This observation served as the lawful basis for the stop.
In Pennsylvania v. Mimms (1977), 434 U.S. 106, 98 S.Ct. 330,54 L.Ed.2d 331, the Supreme Court held that an officer may properly order a motorist to get out of a car which has been properly stopped for a traffic violation. "The police have already lawfully decided that the driver shall be briefly detained; the only question is whether he shall spend that period sitting in the driver's seat of his car or standing alongside it." Id. Mimms dispenses with the requirement that the police officer possess reasonable suspicion of criminal activity before ordering the driver out of an already lawfully stopped vehicle. State v. Evans (1993), 67 Ohio St.3d 405, 408.
The Eleventh District Court of Appeals addressed a similar issue in State v. Sbarra (Dec. 14, 1990), Portage App. No. 89-P-2132, unreported. In Sbarra, the defendant was pulled over for speeding. At that point there were no other indications of impaired driving. When asked to show his license and registration, the defendant handed them to the officer through the car window which was cracked only two to three inches. The defendant did not look at the officer and did not verbally respond to the officer's questions. The officer made several requests for the defendant to exit his vehicle. A second police officer arrived at the scene and the defendant attempted to pull away in his vehicle. The arresting officer reacted by opening the car door and seizing the defendant's left arm. The defendant contended that the arrest occurred at the moment the officer grabbed his arm.
Pursuant to Mimms, the Sbarra court found that an investigatory stop does not mature into an arrest requiring probable cause simply because the defendant has been ordered to exit the vehicle. Id. Additionally, "numerous cases have held that reasonable force may be employed by the officers in order to effectuate an investigatory stop." Id. The Sbarra court held that the arrest of the defendant did not occur until the defendant was informed that he was under arrest and placed in the back seat of the cruiser.
Under the authority of Mimms and Sbarra, we find the arrest in the instant case did not occur when Deputy Hott seized appellant's wrists and assisted him from his vehicle. The arrest occurred after appellant was outside his vehicle and after Deputy Hott detected a strong odor of alcohol about appellant, observed that appellant's eyes were bloodshot and his speech was slurred and impaired. It was then that Deputy Hott informed appellant that he was under arrest and placed appellant in the police cruiser. There was, at this point, sufficient evidence to find probable cause to arrest appellant for driving under the influence of alcohol.
Based on the foregoing, appellant's assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.